IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ATAIN SPECIALTY INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 3:21-cv-00415-JPG |
| JAMES HODGE d/b/a RIVERBEND TREE SERVICE and BAILEY WATSON, | ) ) ) ) | |
| Defendants. | ) ) | **Consolidated with**: |
| BAILEY WATSON, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | Case No. 3:21-cv-01259-JPG |
| JAMES HODGE, d/b/a RIVERBEND TREE SERVICE, | ) ) ) | |
| and | ) ) | |
| ATAIN SPECIALITY INSURANCE COMPANY, | ) ) ) ) | |
| Garnishee. | ) | |

**MEMORANDUM AND ORDER**

**I.   Introduction**

This matter comes before the Court on multiple motions: Motion to Remand by Bailey Watson, originally filed in *Watson v. Hodge et al*, Case No. 21-cv-01259-JPG (Doc. 14), Motion to Dismiss or in the Alternative Stay Federal Court Proceedings by Bailey Watson originally filed in Case No. 21-415-JPG (Doc. 38), and Motion to Re-Align Parties by Atain Specialty (Doc. 42).

1

On March 9, 2022, this Court consolidated two related cases.[1] In state court in Madison County, Illinois, Bailey Watson ("Watson") commenced a suit against James Hodge ("Hodge") d/b/a Riverbend Tree Service ("Riverbend") for injuries related to a woodchipper machine. Specifically, Watson sustained injuries when Hodge ran over her with his truck and attached woodchipper on August 22, 2020. Riverbend defaulted in the lawsuit and judgment was entered.

On April 26, 2021, Atain Specialty Insurance Company ("Atain"), which insured Riverbend, filed an action for declaratory relief to establish there was no duty to defend or indemnify Riverbend for injuries sustained by Watson when Hodge ran over her with his truck and attached woodchipper (*Atain et al v. Hodge*, et al Case No. 21-415, Doc. 1). On September 13, 2021, Watson initiated a petition for garnishment against Atain, which insured Riverbend. On October 13, 2021, Atain removed an action from Madison County Circuit Court to federal court in the Southern District of Illinois (*Watson v. Hodge et al.*, Case No. 21-cv-01259-JPG).

## II.    Background

On August 22, 2020, Watson was injured when struck by a commercial woodchipper that was pulled behind a dump truck operated by Hodge d/b/a Riverbend. Watson alleged her injuries occurred due to the negligence of Hodge in the course of his business as Riverbend and filed suit against Hodge on March 17, 2021 ("Underlying Lawsuit"). On April 26, 2021, in response to a dispute regarding insurance coverage for the Underlying Lawsuit filed by Watson against Hodge, Atain filed a declaratory judgment action seeking a declaration it has no duty to defend or indemnify Hodge d/b/a Riverbend for the Underlying Lawsuit (Case No. 21-415-JPG, Doc. 1). Atain disclaimed coverage for the Underlying Lawsuit based on a policy's auto exclusion.

Hodge defaulted in the Underlying Lawsuit and a judgment was entered against Hodge on

---

[1] The Court consolidated *Atain v. Hodge et al.* (Case No. 21-cv-00415-JPG) with *Watson v. Hodge et al.* (Case No. 21-cv- 01259-JPG).

August 6, 2021, in the amount of $6,699,971.00. Post-judgment, Watson filed a citation to discover assets of Hodge. As a part of the citation proceeding, Hodge was ordered to execute an assignment of all of his causes of action against Lewis & Clark Insurance Agency, Equity Insurance Group, Angela Clontz and Burns & Wilcox ("Intervenors") regarding liability they may share as a result of procuring, brokering, and placing insurance for Hodge's business interest. On March 11, 2022, Watson filed this separate lawsuit against the Intervenors, who are allegedly Hodge d/b/a Riverbend's insurance agents and others in Madison County Circuit Court ("Agency Lawsuit"). Atain nor Riverbend are named parties to the Agency Lawsuit.[2]

After the declaratory judgment action was filed, Watson filed a garnishment action against Atain on September 13, 2021, in the Southern District of Illinois, in an effort to collect insurance proceeds. This Court consolidated the garnishment proceeding and the declaratory judgment action. (Doc. 37).

Recently, the Intervenors filed a motion to intervene in this action to respond to a motion for summary judgment because they have a "direct interest in the pending federal case regarding the coverage afforded (or not afforded) under the Atain policy." (Doc. 55 at 2).[3]

### III. Law and Analysis

#### A. Jurisdiction & Motion to Remand

The first question every court must answer is whether or not there is jurisdiction. Atain and Watson brief these arguments in the pending motion to remand and motion to realign the parties. Atain is a Michigan corporation. Riverbend, Hodge, Watson are Illinois residents. Thus, in the case of *Bailey Watson v. Hodge d/b/a Riverbend* (defendant) *and Atain* (garnishee), Watson

---

[2] Watson states the purpose of this suit in state court is to determine Lewis & Clark Insurance Agency, Equity Insurance Group, Angela Clontz and Burns & Wilcox's roles in "procuring insurance for Hodge's tree cutting business that (allegedly) contained exclusions for his regular and foreseeable activities." (Doc. 39 at 3).
[3] This Court will rule on the motion for leave to intervene in a separate order.

requests to remand this case to the Circuit Court of the Third Judicial Circuit in Madison County. (*Watson v. Hodge et al.*, Case No. 21-cv-01259-JPG, Doc. 14).

Watson argues that per Illinois law, garnishment proceedings are remedial measures designed to reach assets, and therefore not a separate lawsuit that can be removed to federal court.[4] (Doc. 15 at 2). Atain argues that whether a case is removable is a question of federal law and the Court should give little weight to the arguments made based on Illinois state cases. In this circuit, "when garnishment proceedings present genuine disputes with new parties and raise new issues of fact and law, courts treat them as independent and removable actions." *Travelers Prop. Cas. v. Good*, 689 F.3d 714, 725 (7th Cir. 2012); *see* 14B Wright & Miller § 3721, at 28–30 & n. 58 ("For example, proceedings for garnishment ... are considered civil actions within the meaning of the federal removal statute.") (collecting cases). Therefore, even if Illinois may treat a garnishee as a third-party, the fact that Atain was not a party to the Underlying Lawsuit and was added as a defendant in the garnishment action presents a new party and raises new issues of both facts and law. The Court finds this a removable action in federal court.[5]

Next, Atain argues that this Court should require the diversity of citizenship based on the true interests of the parties. (Doc. 16 at 6). Where jurisdiction is based on diversity of citizenship, the court may ascertain whether the alignment of the parties as plaintiff and defendant conforms with their true interests in the litigation. *Indianapolis v. Chase National Bank*, 314 U.S. 63, 62

---

[4] Watson cites the two following cases to state a garnishment proceeding is simply a supplemental action, and not an original civil action between a plaintiff and defendant. *Chandler v. Doherty*, 731 NE 2d 1007, 1010 (Ill. App. 4 Dist., 2000); *Farmers v. Country Mutual Ins. Co.* 851 NE 2d 614, 365 Ill. App. 3d 1046 (5 Dist. 2006); Doc. 15 at 2-3). For the reasons stated above, the removability question is an issue of federal law, and the Court believes the cases in the Seventh Circuit Court of Appeals is determinative.

[5] Watson, in the response to the motion to realign (Doc. 43) argues that that Hodge d/b/a Riverbend is not a party to the garnishment at all. Specifically, Watson states that "Hodge is not an actor in the garnishment and his status in the state court action cannot be realigned by this Court." *Id*. Watson provides this Court no support in his contention that Hodge is not an actor. Further, if Watson maintains this argument that Hodge is not an actor, then there would be complete diversity between Watson and Atain and this Court would have subject matter jurisdiction. Therefore, the Court gives this argument little weight.

S.Ct. 15, 86 L.Ed. 47 (1941); *Am. Motorists Ins. Co. v. Trane Co.*, 657 F.2d 146, 149 (7th Cir. 1981). "Realignment is proper when the court finds that no actual, substantial controversy exists between parties on one side of the dispute and their named opponents...." *Id*. at 149. When determining whether realignment is proper, courts must focus on "the points of substantial antagonism, not agreement." *Id*. at 151. Realignment is "undoubtedly improper" if "an actual, substantial controversy exists between a party on one side of the dispute and its named opponent." *Krueger v. Cartwright*, 996 F.2d 928, 932 n. 5 (7th Cir. 1993). But "a mere mutuality of interest in escaping liability" does not mandate realignment. *Am. Motorists*, 657 F.2d at 151; *see also Truck Ins. Exch. v. Ashland Oil, Inc.*, 951 F.2d 787, 788 (7th Cir. 1992) ((finding realignment improper where "insurance company brought the present suit in order to disclaim any liability it might have either to ... the insured (or rather the half owner of the insured), or to [the insured's] victims; therefore the plaintiff in this suit really is the adversary of all the defendants")).

Atain argues that Watson and Riverbend have an interest in procuring insurance coverage under the Atain policy for the judgment entered in Madison County and should therefore be realigned against Atain for jurisdictional purposes. (Doc. 16 at 6). In its support, Atain states Riverbend contests an insurance coverage action filed by Atain in *Watson v. Hodge et al.*, Case No. 21-cv-01259-JPG, after which Watson initiated the garnishment proceeding. *Id*. at 5-6. Atain argues that the only matter left to resolve is whether the Atain must satisfy Watson's judgment. *Id*. at 6.

There are two questions before this Court. The first is: what are the true interests in the litigation? The second is: if the court were to make Hodge a plaintiff in the garnishment action, are there are actual or substantial controversy between Watson and Hodge? The Court believes since Hodge has defaulted in the Underlying Lawsuit, the only issue left to be decided is whether

or not Atain must satisfy the judgment. In other words, the issue is whether Atain is obligated to cover Riverbend in the Underlying Lawsuit. The garnishment proceeding, filed after the declaratory judgment action, is seeking recovery of the same insurance proceeds at issue in the declaratory judgment action and Underlying Lawsuit.

The next question is whether Watson and Hodge have any actual or substantial controversy against them. Watson argues that "[e]ven if Watson is successful against Atain, over six million dollars ($6,00,000) of her judgment will remain unsatisfied and the liability of Hodge." (Doc. 43 at 5). Additionally, Watson states "Hodge and Watson's interests were antagonistic when the original suit was filed in State Court." *Id*. However, this decision must be based on the fact as they existed at the time the action was commenced. *See Am. Motorists*, 657 F.2d at 149. Therefore, at the time the garnishment proceeding was removed[6] to this Court on October 13, 2021, Riverbend defaulted to the lawsuit and the default in the amount of $6,699,971.00 had already been entered in the Underlying Lawsuit. (*Watson v. Hodge et al.*, Case No. 21-cv-01259-JPG, Doc. 1). The garnishment petition "seeks recovery of Atain's assets, in the form of the insurance policy issued to Riverbend, to satisfy the judgment that was entered against Riverbend." *Id*. Additionally, in this action, it is in Hodge's interest to have as much as the judgment satisfied by Atain. *Davis v. Carey*, 149 F. Supp. 2d 593, 595 (S.D. Ind. 2001) (realigning insured individual as a plaintiff against insurer defendant/garnishee for purposes of determining diversity jurisdiction because, "[e]ven though Carey is potentially liable for a substantial part of the judgment against him, it is in his interest to have as much of that judgment satisfied by the proceeds from the Allstate policy as possible.").

The Court finds that Hodge d/b/a Riverbend is properly aligned as a plaintiff in the

---

[6] The garnishment action was initiated against Atain in Madison County on September 13, 2021.

garnishment action against Atain. Hodge and Watson have no actual or substantial controversy against them and are aligned completely in the interest of both the garnishment action and declaratory judgment action – namely, in ensuring the insurance policy to Riverbend satisfies the judgment in the Underlying Lawsuit.

For these reasons the Court will deny Watson's Motion to Remand (*Watson v. Hodge et al.*, Case No. 21-cv-01259-JPG, Doc. 14) and grant Atain's Motion to Realign Hodge d/b/a Riverbend as a plaintiff (Doc. 42).

### B. Watson's Motion to Dismiss or in the Alternative Stay Federal Court Proceedings

Watson requests this Court dismiss Atain's complaint for declaratory judgment under Federal Rule of Civil Procedure 12(b)(6). (Doc. 39). To survive a Federal Rule of Civil Procedure 12(b)(6), motion to dismiss for failure to state a claim upon which relief may be granted, the complaint must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the…claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). Watson states that Atain has failed to allege sufficient facts that warrant entertaining its claim independent of the parallel state court proceedings, which they state, are equally capable of determining issues between the parties related to the coverage issue. (Doc. 39 at 4). Watson argues that the issue of Atain's duty to defend is moot and therefore not subject to declaratory relief. (Doc. 39 at 4). Atain argues that Watson's request is misguided, and

this Court should retain jurisdiction because this is the only action that even addresses whether there is coverage under the Atain policy (Doc. 46 at 3).

Watson argues that pursuant to the *Wilton/Brillhart* doctrine, this Court has significant discretion to decline jurisdiction in a declaratory judgment action during the pendency of parallel state court proceedings. *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942); *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995). *Wilton–Brillhart* abstention applies when a federal court is called upon to proceed in a declaratory judgment suit where another suit is pending in state court presenting the same issues, not governed by federal law, between the same parties; in such a case, the question for the district court is whether the questions in controversy between the parties to the federal suit can better be settled in the proceeding pending in the state court. *Arnold v. KJD Real Est., LLC*, 752 F.3d 700 (7th Cir. 2014). A concern for comity underlies this doctrine. Comity is "the notion that federal courts should respect the legitimate interests of state governments and try to avoid unduly interfering with those interests." *Cont'l Glass Sales & Inv. Corp. v. First Finish, LLC*, No. 21-CV-6734, 2022 WL 1620233, at *7 (N.D. Ill. May 23, 2022). As the Court put it in *Wilton*, "where another suit involving the same parties and presenting opportunity for ventilation of the same state law issues is pending in state court, a district court might be indulging in gratuitous interference if it permitted the federal declaratory action to proceed." *Wilton*, 515 U.S. at 283, 115 S.Ct. 2137 (quoting *Brillhart*). Atain argues that the Agency Lawsuit is not a parallel lawsuit.

Several factors guide the Court's discretion, including "the scope of the pending state court proceeding" and "whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding." *Brillhart*, 316 U.S. at 495, 62 S.Ct. 1173. "Two actions are parallel when substantially the same parties are contemporaneously litigating substantially the

same issues in two fora." *Envision Healthcare, Inc. v. PreferredOne Ins. Co.*, 604 F.3d 983, 986 (7th Cir. 2010). This inquiry is focused on "whether there is a substantial likelihood that the state court litigation will dispose of all claims presented in the federal case." *TruServ Corp. v. Flegles, Inc.*, 419 F.3d 584, 592 (7th Cir. 2005) (cleaned up); *Envision Healthcare, Inc.*, 604 F.3d at 987 ("the third-party suit in Minnesota involves the same parties as the federal case: Envision and PreferredOne. And the same precise legal question will be answered in both suits: whether Envision owes PreferredOne a duty to indemnify it for any loss incurred in the Romer suit. Thus, the two suits are parallel."). This is an inherently discretionary call for the district court, "because facts bearing on the usefulness of the declaratory judgment remedy, and the fitness of the case for resolution, are peculiarly within [its] grasp." *Wilton*, 515 U.S. at 289, 115 S.Ct. 2137; *see also Miller v. Fenton*, 474 U.S. 104, 114, 106 S.Ct. 445, 88 L.Ed.2d 405 (1985).

Watson states that the parallel state court Agency Lawsuit, which involves Hodge, Watson, Lewis & Clark Insurance Agency, Equity Insurance Group, Burns & Wilcox and Angela Clonz, is parallel. Additionally, Watson states that remanding the garnishment proceeding will determine all issues relative to coverage, making the declaratory judgment proceeding redundant (Doc. 39 at 4-5). Specifically, Watson argues that Atain's obligation to indemnify Hodge can be raised in the garnishment action when remanded to state court. *Id.* at 6. Atain responds that Riverbend (insured defendant) and Atain (insurer defendant) are not parties to the Agency Lawsuit and coverage of the Atain policy is not an issue in the Agency Lawsuit (Doc. 46 at 8). The Court agrees with Atain. Riverbend and Atain are not involved in the Agency Lawsuit. The two principal parties to the insurance contract at issue in the declaratory judgment action to determine coverage of this dispute are not parties to the Agency Lawsuit.

Additionally, the state court action was filed in March 2022, whereas the declaratory

judgment action was filed in April 2021. While the timing is not dispositive[7], the Court will not use discretion to abstain from hearing a matter that was filed in this Court based on a state action filed more than a year later. Moreover, abstaining would contravene "[t]he goal of the Declaratory Judgment Act [of] allow[ing] for the efficient resolution of disputes by an early adjudication of the rights of the parties." *Med. Assur. Co. v. Hellman*, 610 F.3d 371, 377 (7th Cir. 2010); *Windy City Limousine Co., LLC v. Cincinnati Fin. Corp.*, No. 20-CV-04901, 2021 WL 4806384, at *6 (N.D. Ill. Oct. 14, 2021), aff'd, No. 21-3296, 2022 WL 1965903 (7th Cir. June 6, 2022).

Additionally, the Court finds that this action does not involve the substantially same or same factual or legal issues. In the Underlying Lawsuit, Watson filed suit against Lewis & Clark Insurance Agency, Equity Insurance Group, Angela Clontz and Burns & Wilcox "for their roles in procuring insurance for Hodge's tree cutting business that (allegedly) contained exclusions for his regular and foreseeable activities." (Doc. 39 at 3). Watson argues that whether or not the Atain's exclusions apply will come up during the Agency action. Atain argues that no claims address whether or not a declaration of *coverage* will be made. The Court agrees. The distinct issue of whether the Atain policy will satisfy the judgment. In short, the Agency lawsuit will not dispose of the coverage issue. The Court will not exercise its discretion to a negligence case that may merely address the coverage issue.

Additionally, the Seventh Circuit has noted there are other factors for a court to consider when to use discretion to abstain from hearing a matter.

> This question is broader than a simple inquiry into whether proceedings are "parallel." To answer it, we reviewed the overlap between the federal and state proceedings in light of the substantive law that informed the declaratory judgment action and the underlying liability case. The federal court should consider (among

---

[7] The Court notes that between November 2021 and January 2022, Atain experienced difficulties in serving Watson, thereby delaying the progression of this case. *See* Docs. 26, 30, 33.

> other matters) whether the declaratory suit presents a question distinct from the issues raised in the state court proceeding, whether the parties to the two actions are identical, whether going forward with the declaratory action will serve a useful purpose in clarifying the legal obligations and relationships among the parties or will merely amount to duplicative and piecemeal litigation, and whether comparable relief is available to the plaintiff seeking a declaratory judgment in another forum or at another time. We found there that the request for declaratory judgment could be heard without any excursion into fact finding that would interfere with the state court suit.

*Med. Assur. Co. v. Hellman*, 610 F.3d 371, 379–80 (7th Cir. 2010) (cleaned up). Thus, while the decision to stay an action under the Declaratory Judgment Act does not depend entirely on a finding of state parallel proceeding, that is one factor the Court considers. Regarding the other factors the Seventh Circuit has dictated a district court consider, the Court finds they also support denying to staying the declaratory judgment action. Specifically, as evaluated above, the declaratory judgment action and Agency Lawsuit are not parallel. The Court believes moving forward in the declaratory judgment action and determining the coverage issue will clarify the legal obligations in the garnishment action, as well as potentially issues that may arise in the Agency Lawsuit. While the Court acknowledges that there is a case pending in state court and the declaratory judgment action and garnishment action will remain federal court, the Court finds such actions are not duplicative.[8] The Agency Lawsuit is a "failure to procure" claim where certain parties breached their contract for failure to obtain appropriate insurance. That issue is not present in this action. Additionally, because Atain is not a party to the Agency Lawsuit, the Court finds there is no comparable relief that can be made available to it at this time.

      Watson also argues that this Court also has discretion to abstain from hearing this case

---

[8] Watson's reply states that coverage should "take place in a single forum where all interested parties are present: Madison County, Illinois." (Doc. 48 at 2). However, the Court will not use its discretion to send this declaratory judgment action, filed in April 2021, to state court where Watson was the party that created "piecemeal litigation" in March 2022. Because this case has been pending longer, this Court is likely to reach a resolution of the coverage issue before the Agency Lawsuit is disposed of.

pursuant to the *Colorado River* doctrine (Doc. 39 at 7). *In Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), the Supreme Court reaffirmed that abstention is the exception, not the rule, and it applies only in limited circumstances. *Id*. at 813–20, 96 S.Ct. 1236. We have understood that the existence of a parallel proceeding—i.e. an overlapping case in a state court—is a requirement for exercising "*Colorado River* abstention." *See Beck v. Dobrowski*, 559 F.3d 680, 686 (7th Cir.2009); *Med. Assur. Co. v. Hellman*, 610 F.3d 371, 378 (7th Cir. 2010). Because the Court found that the Agency Lawsuit is not a parallel state action, the Court finds the *Colorado River* doctrine inapplicable.

Thus, for these reasons the Court denies Watson's motion to dismiss. In light of the inherently discretionary call for a federal district court, the Court will not dismiss or stay this case.

### IV.     Conclusion

The Court hereby:

- GRANTS Motion to Re-Align the parties (Doc. 42),

- DIRECTS the Clerk of the Court to Re-Align Defendant Hodge in Case No. 21-cv-01259-JPG as a plaintiff;

- DENIES Motion to Remand (Doc. 14, *Watson v. Hodge et al.*, Case No. 21-cv-01259-JPG); and

- DENIES Motion to Dismiss or Stay Federal Court Proceedings (Doc. 38).

**IT IS SO ORDERED.**
**DATED: August 1, 2022**

          /s/ J. Phil Gilbert
          **J. PHIL GILBERT**
          **UNITED STATES DISTRICT JUDGE**